UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DARRYL COTTON, | Case No.: 18cv325-BAS (MDD) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | **(1) GRANTING PLAINTIFF'S EX PARTE APPLICATION TO LIFT THE STAY IN THE CASE; (2) DIRECTING U.S. MARSHALL TO EFFECT SERVICE; AND (3) DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF** |
| LARRY GERACI, *et al.*, | |
| Defendants. | |
| | **[ECF No. 8.]** |

Currently pending before the Court is Plaintiff Darryl Cotton's ex parte application, wherein he seeks an order lifting the stay in the case, appointment of counsel[1] and injunctive relief. (ECF No. 8.) In the application, he complains of the "fraud" in the state

---

[1] While Plaintiff states he seeks appointment of counsel in the caption of his application, he does not provide any reason or legal authority to support his request. Accordingly, the Court declines to consider his request for appointment of counsel.

1

court case and challenges the "sound legal judgement (sic)" of Judge Wohlfeil, and the "sham trial." (*Id.* at 2, 3.)

On February 9, 2018, Plaintiff, proceeding pro se, filed a complaint alleging breach of contract against Defendant Larry Geraci ("Geraci") for the purchase and sale of Plaintiff's real property which qualifies for a Conditional Use Permit for a Medical Marijuana Consumer Collective. ("Compl.," ECF No. 1.) Cotton names defendants involved in the transaction and alleges seventeen causes of action arising from the breach. A year before the filing of the complaint in this Court, on March 21, 2017, Geraci filed a complaint against Cotton in San Diego Superior Court alleging breach of contract and related claims for the purchase and sale of Cotton's real property. (ECF No. 3-11 (state court complaint)).) On February 28, 2019, the Court granted Plaintiff's motion to proceed in forma pauperis and sua sponte stayed the case under the *Colorado River* doctrine, due to the related pending state court case involving the same facts and issues. (ECF No. 7); *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

It is not clear from Plaintiff's papers whether the state case has been completed. Based on the Court's review of the state court's Register of Actions Notice in the Superior Court of California, County of San Diego, Court of Appeal, and California Supreme Court, it appears that the state case is completed. After a jury trial, judgment was entered in favor of Geraci and against Plaintiff. *Geraci v. Cotton*, Case No. 37-2017-00010073-CU-BCD-CTL, Register of Actions Nos. 646, 694. Accordingly, based on this understanding, the Court **LIFTS** the stay in this case. Further, because the Court granted Plaintiff's motion to proceed IFP on February 28, 2019,

1. The Clerk of Court is **DIRECTED** to issue a summons with respect to Plaintiff's Complaint, ECF No. 1. The Clerk should then provide Plaintiff with the summons. When sending the summons to Plaintiff, the Clerk should include with the summons: (a) a blank U.S. Marshal Form 285; (b) another letter instructing Plaintiff on how to complete this Form 285; (c) a certified copy of this Order; (d) a certified copy of the Order granting Plaintiff's motion to proceed in forma pauperis, ECF No. 7; and (e) a

2

certified copy of the Complaint, ECF No. 1. Together, the summons and additional documents are Plaintiff's "IFP Package."

3. Plaintiff is **DIRECTED** to complete the following actions to aid the U.S. Marshal in serving his Complaint:

    a. First, upon receiving the IFP Package, Plaintiff must complete the IFP package, including the U.S. Marshal Form 285, as accurately as possible.

    b. Second, Plaintiff must return the completed IFP package and Form 285 to the U.S. Marshal according to the instructions provided by the Clerk's letter.

    c. Third, Plaintiff must include on the Form 285 addresses where the U.S. Marshal can serve Defendants. *See* S.D. Cal. Civ L.R. 4.1.c.

4. Plaintiff is **FURTHER DIRECTED** to complete the following actions for all of his future filings in this case:

    a. Plaintiff must serve upon Defendants a copy of every pleading or document that Plaintiff files with the Court in this case.

    b. For every future filing with the Court in his case, Plaintiff must include a certificate of service which states:

        i. How he served a true and correct copy of that filing on Defendants, and

        ii. The date when Defendants were served.

    c. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

5. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the complaint and summons upon Defendants as directed by Plaintiff on his completed U.S. Marshal Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

In his ex parte application, Plaintiff also seeks injunctive relief enjoining the state action,[2] enjoining further development of the Marijuana Outlet as it is within 1,000 feet of two daycares in violation of the law, and issuing a subpoena for attorney Nguyen to present herself at the TRO hearing and explain why she should not be sanctioned for failing to provide the testimony of Corina Young, her client.[3] (ECF No. 8, at 18–19.) The Ninth Circuit has held that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("Absent that relationship or nexus, the district court lacks authority to grant the relief requested."). Here, the allegations in the ex parte application post-date the allegations in the original complaint filed on February 9, 2018. There is no nexus between the allegations in the complaint and the injuries claimed in the TRO application. *See id.*; *Panno v. Wells Fargo Bank, N.A.*, Case No. SA CV 16-118-DOC(KESx), 2016 WL 7494896, at *3 (C.D. Cal. June 13, 2016) (noting the plaintiff's lack of clarity on this critical issue as the TRO alleged violations of California Civil Code section 2923.6 which was not pleaded in the second amended complaint). Accordingly, the Court **DENIES** Plaintiff's request for injunctive relief.

**IT IS SO ORDERED.**

**DATED: January 15, 2020**

Hon. Cynthia Bashant
United States District Judge

---

[2] It appears Plaintiff is seeking to enjoin the judgment in the state court case.
[3] It is unclear who Nguyen and Young are and how they are related in this matter.