1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL COTTON,<br><br>   Plaintiff,<br><br>   v.<br><br>LARRY GERACI, *et al.*,<br><br>   Defendants. | Case No. 18-cv-325-BAS-MDD<br><br>**ORDER DENYING EX PARTE MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 13]** |

Plaintiff Darryl Cotton followed an ex parte motion for reconsideration "re: appointment of counsel and leave to amend complaint." (ECF No. 13.) The Court previously stayed Plaintiff's case until resolution of the parallel state action and denied as moot Plaintiff's motion for appointment of counsel. (ECF No. 7.) The stay has since been lifted. Plaintiff now seeks reconsideration of the order denying his request for counsel and also seeks leave to amend. Although Plaintiff titles the motion as one for reconsideration, the Court will simply evaluate his request for counsel.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Tr. Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel."

1 *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *accord Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Having reviewed Plaintiff's request, the Court concludes the circumstances fail to demonstrate "exceptional circumstances" warranting the appointment of counsel at this time. First, the case is still in the very early stages and Plaintiff's success on the merits is unclear. And second, Plaintiff's complaint is extremely detailed and is full of factual allegations.  Because Plaintiff states he is going to amend his complaint, his ability to articulate his claims is also unclear at this time. The Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for appointment of counsel.

Plaintiff also seeks leave to amend his complaint.  A party may amend its pleading "once as a matter of course 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).  Plaintiff's complaint has not yet been served, thus, he does not need to request permission to amend his complaint and may amend it pursuant to Federal Rule of Civil Procedure 15(a)(1).

**IT IS SO ORDERED.**

**DATED: April 15, 2020**

Hon. Cynthia Bashant
United States District Judge