UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL COTTON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CYNTHIA BASHANT, an individual; JOEL WOHLFEIL, an individual; LARRY GERACI, an individual; REBECCA BERRY, an individual; GINA AUSTIN, an individual; MICHAEL WEINSTEIN, an individual; JESSICA MCELFRESH, an individual; and DAVID DEMIAN, an individual,<br><br>    Defendants. | Case No.: 18-CV-325 TWR (DEB)<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND DENYING OTHERS AS MOOT**<br><br>(ECF Nos. 44, 46, 50, 53, 64, 65, 66, 67, 93) |

Defendants Judge Joel Wohlfeil, Judge Cynthia Bashant, Jessica McElfresh, Larry Geraci, Rebecca Berry, and David Demian have respectively moved to dismiss Plaintiff's First Amended Complaint. (ECF Nos. 50, 64, 65, 66, 67.) In light of the Notice of Dismissal (ECF No. 95), Judges Wohlfeil and Bashant have been dismissed with prejudice. The Court finds the matters suitable for disposition without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** the motions and **DENIES AS MOOT** Plaintiff's remaining pending motions. (ECF Nos. 44, 46, 53.)

# BACKGROUND

The facts of this case have been recited in this Court's previous order. (*See* ECF No. 71). The following relates to the remaining Defendants.

By way of background, Defendant Larry Geraci and Plaintiff Daryl Cotton allegedly reached an "oral joint venture agreement" where Geraci planned on buying Plaintiff's real property to develop a cannabis dispensary. (FAC ¶ 5, 63.) Geraci was not new to the cannabis business, as he had allegedly owned and managed at least three illegal marijuana dispensaries previously. (*Id.* ¶ 43.) Due to these illicit activities, Geraci had been sanctioned and barred from owning a cannabis dispensary, and he therefore applied for a cannabis permit with the City of San Diego under his receptionist's name, Rebecca Berry. (*Id.* ¶¶ 6–7.) Months later, the deal broke down when Geraci allegedly refused to put their joint venture agreement into writing as promised. (*Id.* ¶ 71.) Geraci sued Plaintiff in state court for breach of contract concerning the purchase and sale of Plaintiff's real property. (*Id.* ¶¶ 5, 63, 75.) Judge Wohlfeil was assigned the case. (*Id.* ¶ 1.) Plaintiff, initially proceeding pro se, filed a cross-complaint against Geraci and his receptionist, Rebecca Berry. (*Id.* ¶ 79.)

After "dealing with the procedural difficulties of representing himself pro se," Plaintiff turned to a litigation investor to hire a lawyer. (*Id.* ¶ 81.) The litigation investor found Defendant Jessica McElfresh. (*Id.* ¶ 81.) The representation, however, did not last. Plaintiff describes McElfresh as a "publicly disgraced cannabis attorney" against whom the San Diego County District Attorney's office has filed charges for "seeking to conceal the illegal cannabis operations of one of her clients from government inspectors." (*Id.* ¶ 81.) McElfresh referred Plaintiff's litigation investor to Defendant David Demian of Finch, Thornton & Baird, LLP. (*Id.* ¶ 87.) Plaintiff alleges that both McElfresh and Demian had failed to disclose that Geraci and some of his associates were also their clients. (*Id.* ¶ 88.) Plaintiff accuses McElfresh and Demian of being "criminal[s] with a license to practice law" and the types of attorneys who "connive to defeat their own client's case." (*Id.* ¶ 92.)

In his First Amended Complaint ("FAC"), Plaintiff characterizes this case as a "collateral attack on a state court judgment" (*id.* ¶ 1), and relevant here, asserts a cause of action for declaratory relief against McElfresh, Geraci, Berry, and Demian. (*Id.* ¶¶ 149–50.) Additionally, Plaintiff asserts a fourth cause of action for punitive damages against all Defendants. (*Id.* ¶¶ 151–57.) In his claim for declaratory relief, Plaintiff asks this Court to declare the state court judgment "void and vacated for being procured by a fraud on the court, the product of judicial bias, and because it enforces an illegal contract." (*Id.* ¶ 150.) In his claim for punitive damages, Plaintiff states that he was denied justice because Judge Wohlfeil and Judge Bashant were biased against him, and due to the litigation, has incurred hefty legal fees. (*Id.* ¶¶ 153, 156–57.)

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

Congress granted district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Rule 12(b)(1) allows the dismissal of a case for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must contain a "short and plain statement showing that the pleader is entitled to relief," backed by sufficient facts that make the claim "plausible on its face." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 566 U.S. at 678. Rather, it demands enough factual content for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court must accept as true "all factual allegations in the complaint" and "construe the

pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). This presumption does not extend to conclusory allegations, "unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### C. Leave to Amend

Under Rule 15(a), a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citations omitted). With respect to pro se litigants, the Ninth Circuit has stated that this "extreme liberality" is "particularly important," *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000), and that courts should dismiss a pro se complaint without leave to amend "only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988).

## ANALYSIS

### A. Defendant Jessica McElfresh

Plaintiff brings two causes of action against Defendant Jessica McElfresh: (1) declaratory relief and (2) punitive damages. (FAC ¶¶ 148, 150.) In response, McElfresh asserts that none of the allegations in Plaintiff's claims for declaratory relief and punitive damages are directed towards her, and that Plaintiff's claims "are not sufficient to state a claim upon which relief may be granted" under Rule 12(b)(6). (ECF No. 65-1 at 5–6.) Additionally, McElfresh requests that this Court strike Plaintiff's causes of action for declaratory relief and punitive damages under Fed. R. Civ. P. 12(b)(f). (*Id.* at 2, 5–7.) The Court agrees and dismisses Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).

#### 1. Declaratory Relief

"To obtain declaratory relief in federal court, there must be an independent basis for jurisdiction." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal courts are courts of limited jurisdiction" and

4

18-CV-325 TWR (DEB)

"possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Thus, "[w]hen presented with a claim for a declaratory judgment," the Court must make sure that an "actual case or controversy" under Article III exists.  *Rhoades v. Avon Prod., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007).  "Declaratory relief is not an independent cause of action, but instead a form of equitable relief."  *Kimball v. Flagstar Bank F.S.B.*, 811 F. Supp. 2d 1209, 1219 (S.D. Cal. 2012).

Here, Plaintiff has not alleged substantive legal claims against McElfresh.  For example, Plaintiff states McElfresh failed to disclose that Geraci and some of his associates were also her clients.  (*Id.* ¶ 82.)  Additionally, McElfresh failed to mention that she and Austin share the same clients.  (*Id.* ¶ 83.)  Further, after her representation of Plaintiff had ended, McElfresh referred Plaintiff's litigation investor to Demian, whose firm previously shared clients with Geraci and his business.  (*Id.* ¶ 87–88.)  And lastly, Plaintiff characterizes McElfresh as a criminal with a license to practice law and connives to defeat her own client's case.  (FAC ¶ 92.)

None of these allegations are substantive legal claims.  Although Plaintiff seeks declaratory relief to "vacate and declare void" the judgment from state court because (1) it was "procured by a fraud on the court," (2) it is the "product of judicial bias," and (3) "it enforces an illegal contract," (FAC ¶ 150), the basis of his claims occurred in past litigation, and past acts cannot be the basis for declaratory judgement.  *See John M. Floyd & Assocs., Inc. v. First Imperial Credit Union*, No. 16-CV-1851 DMS (WVG), 2017 WL 4810223, at *5 (S.D. Cal. Oct. 25, 2017) ("[A] declaratory judgment is not a corrective action" and "should not be used to remedy past wrongs.").  Absent an "actual case or controversy" against McElfresh, Plaintiff has no standing to obtain declaratory relief.  *See Westburg v. Good Life Advisors, LLC*, No. 18CV248-LAB (MDD), 2019 WL 1546949, at *1 (S.D. Cal. Apr. 8, 2019) (stating that a "federal court has jurisdiction to award declaratory relief only where a true case or controversy exists.").  The Court **DISMISSES** this claim, accordingly.

### 2. Punitive Damages

Plaintiff also seeks punitive damages against McElfresh. But punitive damages "constitute a remedy, not a claim." *Oppenheimer v. Southwest Airlines Co.*, No. 13-CV-260-IEG BGS, 2013 WL 3149483, at *3 (S.D. Cal. June 17, 2013). Here, Plaintiff has not alleged any substantive legal claims against McElfresh and therefore lacks basis to obtain punitive damages.[1] The Court **DISMISSES** this claim, accordingly.

### B. Larry Geraci & Rebecca Berry

Plaintiff alleges two causes of action against Defendants Larry Geraci and Rebecca Berry: (1) declaratory relief and (2) punitive damages. (FAC ¶¶ 149–57.) In response, Geraci and Berry argue that the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine. (ECF No. 66 at 1–2.) Moreover, Geraci and Berry allege that Plaintiff's FAC should be dismissed because Plaintiff fails to state any legally cognizable cause of action. (*Id.*) The Court agrees.

### 1. *Rooker-Feldman* Doctrine

"The *Rooker-Feldman* doctrine takes its names from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed. 2d. 206 (1983)." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Put simply, the doctrine provides that federal courts lack subject matter jurisdiction to "hear a direct appeal" from state court judgment. *Id.* If a party is disappointed by a state court judgment, the proper course is to appeal to a higher state court. *See id.* at 1155. "Plaintiffs thus cannot come to federal court to seek

---

[1] In her Reply, McElfresh requests this Court to dismiss the Plaintiff's FAC under Civil Local Rule 7.1(f)(3)(c) for Plaintiff's failure to file an opposition to Defendant's motion to dismiss. (ECF No. 72 at 2–4.) However, this Court has exercised its discretion and accepted Plaintiff's untimely filing of his opposition, partially due to his status as a *pro se* litigant. In Plaintiff's Opposition to McElfresh's Motion to Dismiss (ECF No. 76), Plaintiff adds new allegations and facts against McElfresh. Those arguments will not be considered because "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss," when considering a Rule 12(b)(6) motion to dismiss. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (citation omitted).

'what in substance would be appellate review of the state judgment.'" *Benavidez v. County of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). "The doctrine does not depend on the availability of a forum; instead, it exists to protect state courts from collateral attack by a federal judgment." *Id.* at 1143. As the Ninth Circuit has stated, "the *Rooker-Feldman* doctrine, precludes federal adjudication of a claim that 'amounts to nothing more than an impermissible collateral attack on prior state court decisions.'" *Ignacio v. Judges of the United States Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006) (citations omitted).

Here, Plaintiff's claim is barred by the *Rooker-Feldman* doctrine. By asking to have a state court judgment "declared void and vacated" (FAC ¶ 150), Plaintiff is essentially seeking appellate review of the state court's decision. All the claims against Geraci and Berry are inextricably tied to the state court proceeding. At bottom, Plaintiff believes that the contract between him and Geraci and Berry is illegal, but that issue has been dealt with in state court. While plaintiffs are not precluded from bringing similar, independent actions in federal court,[2] Plaintiff explicitly states that this action is a "collateral attack on a state court judgment issued by Judge Joel R. Wohlfeil." (FAC ¶ 1.) If this Court were to find that the Judicial Defendants were enforcing an illegal contract, then this Court would be stepping beyond the bounds of its jurisdiction because the *Rooker-Feldman* bars collateral attacks on state court judgments. *Benavidez*, 993 F.3d at 1142. The relief that Plaintiff is seeking falls squarely within the *Rooker-Feldman* prohibition.

///
///

---

[2] "If… a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Noel*, 341 F.3d at 1164. Thus "[t]he doctrine does not preclude a plaintiff from bringing an 'independent claim' that, though similar or even identical to issues aired in state court, was not subject of a previous judgment by the state court." *Cooper v. Ramos*, 704 F.3d 772, 778 (9th Cir. 2012) (citing *Skinner v. Switzer*, 562 U.S. 521, 531 (2011)).

|   |   |
|---|---|
| 1 | **2.      Declaratory Relief and Punitive Damages** |

Even if the *Rooker-Feldman* doctrine did not apply, Plaintiff's FAC still fails. Here, Plaintiff has no claim for declaratory relief since he has no underlying cause of action against Geraci and Berry. As noted above, claims for declaratory relief are "not themselves causes of action, but rather remedies available." *Inciyan v. City of Carlsbad*, No. 19-CV-2370-JLS (MBS), 2020 WL 94087, at *3 (S.D. Cal. Jan. 8, 2020). Declaratory relief claims "must be based on other, viable causes of action." *Id.* at 2. But here, Plaintiff has not alleged any substantive legal claim against Geraci or Berry. At best, Plaintiff alleges that Geraci and Berry violated the San Diego Municipal Code Section 11.0401(b) ("No person willfully shall make a false statement or fail to report any material fact in any application for City license, permit, certificate, employment or other City action under the provisions of the San Diego Municipal Code."). Moreover, Plaintiff alleges that Geraci and Berry "conspired to acquire a cannabis permit." (FAC ¶ 90.) But Plaintiff does not assert his allegations under a legally cognizable cause of action.

For the same reason, Plaintiff's claim for punitive damages fails. Punitive damages "constitute a remedy, not a claim." *Oppenheimer v. Southwest Airlines Co.*, No. 13-CV-260-IEG BGS, 2013 WL 3149483, at *3 (S.D. Cal. June 17, 2013). The Court therefore **DISMISSES** Plaintiff's claims against Geraci and Berry, accordingly.

### C. David Demian – Declaratory Relief and Punitive Damages

Plaintiff asserts two causes of action against David Demian: (1) declaratory relief and (2) punitive damages. (FAC ¶¶ 149–50, 151–57.) In response, David Demian argues that those claims should be dismissed. (*See* ECF No. 67 at 5.) The Court agrees.

Plaintiff's claims for declaratory relief and punitive damages fail for the same reasons discussed above. According to Plaintiff, Demian "is a criminal with a license to practice law and represents the most vile type of all attorneys—those who would connive to defeat their own client's case." (FAC ¶ 92.) However, Plaintiff's opinion about Demian is not justiciable because there is no underlying case or controversy. *See*

*Westburg v. Good Life Advisors, LLC*, No. 18CV248-LAB (MDD), 2019 WL 1546949, at *1 (S.D. Cal. Apr. 8, 2019) (stating that "a request for declaratory judgment cannot be used to bypass Article III's requirements" and that a "federal court has jurisdiction to award declaratory relief only where a true case or controversy exists"). In addition, Plaintiff asserts a cause of action for "punitive damages," (FAC ¶ 151–57), but punitive damages "constitute a remedy, not a claim." *Oppenheimer v. Southwest Airlines Co.*, No. 13-CV-260-IEG BGS, 2013 WL 3149483, at *3 (S.D. Cal. June 17, 2013). The Court therefore **DISMISSES** Plaintiff's claim for declaratory relief and punitive damages against Demian.[3]

### D. Motion to Appoint Counsel

Finally, Plaintiff has moved ex parte for an appointment of counsel. (ECF No. 93.) That motion is denied. Under 28 U.S.C. § 1915(e)(1), a court may "appoint counsel for indigent civil litigants" based on a showing of "exceptional circumstances." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir.2004), *cert. denied sub nom. Gerber v. Agyeman,* 545 U.S. 1128, 125 S.Ct. 2941, 162 L.Ed.2d 867 (2005)). In determining whether exceptional circumstances exist, the court considers (1) the "likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his

---

[3] Demian also moves to dismiss for improper service, but the Court declines to dismiss on this ground. According to the Ninth Circuit, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). Courts may excuse Rule 4 requirements if "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Cristo v. U.S. Sec. & Exch. Comm'n*, No. 19CV1910-GPC(MDD), 2020 WL 2735175, at *6 (S.D. Cal. May 26, 2020) (quoting *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984)). Considering these factors, the Court excuses Plaintiff's improper service. First, Demian has received actual notice. Second, Demian would not be prejudiced from the defective service. Lastly, Plaintiff had justifiable excuse due to his pro se status, and he would be "severely prejudiced if his complaint were dismissed on a failure to comply with technical rule." *Cristo*, 2020 WL 2735175, at *6. As a result, the Court finds that service on Demian has been effectuated. *See id.* As for the untimeliness of Plaintiff's service, the Court exercises its discretion and retroactively grants an extension of time to serve from January 28, 2021. *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice.").

claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir.1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986)).

Here, neither of those circumstances are present. First, given that his claims are being dismissed, Plaintiff has not shown a likelihood of success on the merits. Second, although the Court sympathizes with Plaintiff's medical conditions as described in his motion, the legal issues presented here are not particularly complex such that an appointment of counsel is warranted.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendants' motions to dismiss. (ECF Nos. 65, 66, 67.). First, the Court **DENIES** leave to amend as to Geraci and Berry, since those claims are barred by the *Rooker*-*Feldman* doctrine. But as for David Demian and Jessica McElfresh, leave to amend is **GRANTED**. Plaintiff has only amended his complaint once, and pro se litigants are treated with "extreme liberality." *Lopez*, 203 F.3d at 1131. Finally, in light of the Notice of Dismissal, Judges Wohlfeil and Bashant are **DISMISSED WITH PREJUDICE** and their motions to dismiss are **MOOT**. (ECF Nos. 50, 64.)

In its previous order, the Court granted Plaintiff leave to amend his First Amended Complaint against Defendant Gina Austin. (ECF No. 71.) Plaintiff will have <u>thirty (30) days from the date of this Order</u> to file an amended complaint against Defendants Gina Austin, Jessica McElfresh, and David Demian.

///
///
///
///
///
///

The Court **DENIES** Plaintiff's remaining motions as **MOOT**[4] (ECF Nos. 44, 46, 53) and **DENIES** the ex parte motion for appointment of counsel. (ECF No. 93.)

**IT IS SO ORDERED.**

Dated: October 22, 2021

_____
Honorable Todd W. Robinson
United States District Court

---

[4] Plaintiff's Ex Parte Application for Leave to File Attached Omnibus Sur-Reply is now moot because the motions he characterizes as "pending" have now been ruled on. (ECF No. 46 at 1–2.) But even considering the merits, Plaintiff's motion fails. The Federal Rules of Civil Procedure and this District's Local Rules do not provide a right to file a sur-reply. Rather, "permitting the filing of a sur-reply is within the discretion of the district court." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, No. 317CV01118BENBLM, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018). Sur-replies should be allowed "only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (internal quotations omitted). Here, Plaintiff alleges that he has "new information relevant to the motions pending." (ECF No. 46 at 3.) But the "new information" that Plaintiff provides concerns the underlying state court proceeding, *Geraci v. Cotton*, 37-2017-00010073-CU-BC-CTL. Plaintiff alleges that he "never received a fair trial," (ECF No. 46 at 5), but as previously discussed, this Court's review of the underlying state court proceeding is barred by the *Rooker-Feldman* doctrine. Finally, it is within this Court's discretion to grant leave to file a sur-reply if Defendants have raised new arguments in their reply briefs. *See Hill*, 2005 WL 3031136, at *1. Since Defendants have not raised new arguments, a sur-reply is not warranted.